UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10304-RGS

ELLEN NYEPON

v.

HUMAN RESOURCES DEVELOPMENT INSTITUTE, INC.

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

March 1, 2012

STEARNS, D.J.

Ellen Nyepon brought this lawsuit against Human Resources Development Institute, Inc. (HRDI) in the Massachusetts Superior Court, asserting a statutory claim under Mass. Gen. Laws ch. 93A, § 9 (Count I), as well as common-law claims for breach of contract (Count II), intentional infliction of emotional distress (Count III), and tortious interference with advantageous customer relations (Count IV). HRDI removed the case on diversity grounds to the federal district court and filed a motion to dismiss. HRDI argues that Counts I, III, and IV are barred by the applicable statutes of limitations, and that Count II fails to state a claim for which relief can be granted.

Nyepon filed an opposition to HRDI's motion to dismiss with regard to Count II.[1]

The facts as alleged in the Complaint are as follows. In early 2007, Nyepon owned real property located at 54-56 East Street in Dorchester, Massachusetts (East Street), where she operated a childcare facility. On January 30, 2007, Nyepon and HRDI entered into a written agreement under the terms of which HRDI was to purchase East Street subject to HRDI's securing of a contract from the Commonwealth of Massachusetts to provide drug treatment services at East Street. The Agreement specified that HRDI would purchase East Street "as is," and that Nyepon would provide the appropriate de-leading, building occupancy, and fire inspection certificates. Def.'s Ex. A.[2]

In the months that followed, HRDI made various inspections of East Street , and Nyepon began shutting down the childcare center. On April 7, 2007, Nyepon's broker informed her that HRDI had received the state contract but did not intend to consummate the purchase. The following week, Nyepon was given written notice of

---

[1] Nyepon's opposition does not contest HRDI's motion to dismiss Counts I, III, and IV as barred by the statutes of limitations. Consequently, these claims are deemed <u>DISMISSED</u>.

[2] When ruling on a motion to dismiss, the court may look to documents the authenticity of which are not disputed by the parties, to documents central to the plaintiff's claim, and to documents referenced in the complaint. *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993).

HRDI's intent to renege on the contract. As a result of the partial closure of the childcare facility in anticipation of the sale, Nyepon was forced to shut it down completely in the Spring of 2008.

HRDI argues that Nyepon's remaining breach of contract claim fails to state a viable claim under Fed. R. Civ. P. 12(b)(6) because the allegations of the Complaint are insufficient to withstand a motion to dismiss. To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 555 (internal citations omitted). *See also Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95-96 (1st Cir. 2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Under Massachusetts law, "[a]ll the essential terms of a contract must be definite and certain so that the intention of the parties may be discovered, the nature and extent of their obligations ascertained, and their rights determined." *Cygan v. Megathlin*, 326 Mass. 732, 733-734 (1951). "It is axiomatic that to create an enforceable contract,

there must be an agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement." *Situation Mgmt. Sys., Inc. v. Malouf, Inc.*, 430 Mass. 875, 878 (2000). Although "unspecified terms will not necessarily preclude the formation of a binding contract," *id.*, "[i]t is essential to the existence of a contract that its nature and the extent of its obligations be certain. This rule has been long established." *Caggiano v. Marchegiano*, 327 Mass. 574, 579 (1951). *See, e.g., Cabot Corp. v. AVX Corp.*, 448 Mass. 629, 640 (2007) (a "contract" to purchase an unspecified amount of goods is "not a contract at all"). Here, the written agreement identified East Street as the premises being sold, designated Nyepon as the "Owner" and HRDI as the "Purchaser," and was signed by both parties. The agreement included a sales price of $512,500.00, "contingent upon the valuation equal to or exceeding $512,500.00 as determined by an independent appraiser."[3] Def.'s Ex. A.

Nyepon's Complaint alleges that HRDI agreed to purchase East Street subject to being awarded a state contract. Compl. ¶¶ 11, 17-18. She also states that HRDI sent inspectors into East Street in preparation for the sale, and that in reliance on the

---

[3] If "the parties specify formulae and procedures that, although contingent on future events, provide mechanisms to narrow present uncertainties to rights and obligations, their agreement is binding." *Lafayette Place Assocs. v. Boston Redev. Auth.*, 427 Mass. 509, 518 (1998).

4

agreement, she began closing her childcare business while at all times remaining "ready, willing, and able to perform." Compl. ¶¶ 6, 17. Despite its condition precedent being satisfied, HRDI breached the agreement by refusing to proceed with the purchase. These allegations, coupled with the description of the terms of the contract set out in the Complaint and in defendant's Ex. A, are sufficient to form a plausible entitlement to relief under a claim of breach of contract.

## ORDER

For the foregoing reasons, Defendant's motion to dismiss is <u>ALLOWED</u> with regard to Counts I, III, and IV, and <u>DENIED</u> with regard to Count II. The parties will, within the ten (10) days of the date of this Order, submit a jointly proposed pretrial schedule pursuant to Local Rule 16.1(D).

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE